UNITED STATES DISTRICT COURT
for THE WESTERN DISTRICT OF VIRGINIA

CARLY HUDSON
1039 W. Masters Dr.
Cross Junction, VA 22625

     Plaintiff,                                  Civil Action No: 5:23-cv-00013

v.

EQUIFAX INFORMATION SERVICES, LLC
Serve: Corporation Service Company
       100 Shockoe Slip, Floor 2
       Richmond, VA 23219

     Defendant,

EXPERIAN INFORMATION SOLUTIONS, INC.
Serve: David N. Anthony
       Troutman Sanders, LLP
       1001 Haxall Point
       Richmond, VA 23219

     Defendant,

TRANS UNION, LLC
Serve: Corporation Service Company
       100 Shockoe Slip, Flr 2
       Richmond, VA 23219

     Defendant,

CREDIT ONE BANK, N.A.
Serve: Incorp Services, Inc.
       3773 Howard Hughes Pkwy, Ste 500S
       Las Vegas, NV, 89169

     Defendant.

---

**COMPLAINT AND JURY DEMAND**

     COMES NOW the Plaintiff, Carly Hudson, by counsel, and for her complaint against the Defendants, she alleges as follows:

## PRELIMINARY STATEMENT

1. This action is for actual and statutory damages, costs and attorney's fees brought pursuant to the Fair Credit Reporting Act, 15 U.S.C. § 1681 et seq. ("FCRA"), the Truth In Lending Act 15 U.S.C. §1601 et seq. ("TILA") and common law tort of defamation.

## PARTIES TO THIS ACTION

2. Carly Hudson is a natural person that resides in the Commonwealth of Virginia.

3. Credit One Bank, N.A. ("Credit One") is an American bank and financial services company specializing in credit cards, particularly for borrowers with low credit scores.

4. Equifax Information Services, LLC ("Equifax") is a "consumer reporting agency," as defined in 15 U.S.C. § 1681a(f), is headquartered in Atlanta, Georgia and does business in the Commonwealth of Virginia through its registered offices in Richmond, Virginia.

5. Experian Information Solutions, Inc. ("Experian") is a "consumer reporting agency," as defined in 15 U.S.C. § 1681a(f), is headquartered in Costa Mesa, California and does business in the Commonwealth of Virginia through its registered offices in Richmond, Virginia.

6. Trans Union, LLC ("Transunion") is a "consumer reporting agency," as defined in 15 U.S.C. § 1681a(f), is headquartered in Chicago, Illinois and does business in the Commonwealth of Virginia through its registered offices in Richmond, Virginia.

## FACTUAL ALLEGATIONS

7. In 2019, Ms. Hudson's estranged husband, Justin Wade, fraudulently opened a credit card account with Credit One in her name.

8. Mr. Wade used a different address on the application than Ms. Hudson's address.

9. After opening the account, Mr. Wade maxed out the card and left the debt unpaid.

10. Ms. Hudson was unaware of the fraudulent account opened in her name because Credit One mailed the credit card and account statements to the address on the application.

11. Ms. Hudson only learned of the fraudulent Credit One credit card when she was denied a home loan due to the Credit One account appearing on her credit reports.

12. The Credit One credit card was being reported as in a seriously delinquent status.

13. After learning of the fraudulent account, Ms. Hudson began investigating how the Credit One debt appeared in her credit file.

14. Not only did Plaintiff not recognize the debt but she had never heard of Credit One.

15. Plaintiff called Credit One to inquire about the account being reported on her account.

16. During her phone call, Credit One informed Ms. Hudson that there an account in her name and that she was being held responsible for the account.

17. The amount of the debt—which was growing every month by $50 or more—that Credit One claimed Ms. Hudson owed ranged from $800 to $1255.00.

18. Credit One advised Ms. Hudson that she was being held responsible because the phone number associated with the account was registered to her.

19. Credit One informed Ms. Hudson that she would need to furnish a police report in order for Credit One not to hold her responsible.

20. Thereafter, Ms. Hudson obtained a police report and Mr. Wade was subsequently charged for identity theft by the Frederick County Commonwealth's Attorney.

21. Ms. Hudson provided Credit One with the police report and information on the criminal charges.

22. Despite receiving a police report from Ms. Hudson after advising her that she would not be held responsible for the debt if she provided Credit One with a police report, Credit One refused to relieve her responsibility for the debt and continued its debt collection efforts, including reporting the debt to the credit reporting agencies ("CRAs").

23. In April 2022, Ms. Hudson sent dispute letters to the CRAs.

24. Despite receiving Ms. Hudson's dispute letters, the CRAs furnished credit reports with the fraudulent Credit One tradeline.

25. Neither the CRAs nor Credit One performed their statutory obligation to conduct a reasonable investigation of Ms. Hudson's dispute.

26. As a consequence of Credit One's illegal debt collection and credit reporting, Ms. Hudson was denied a mortgage loan to refinance her personal residence.

27. For months following Ms. Hudson's dispute, Credit One continued its debt collection efforts against her.

28. Credit One did not cease its debt collection efforts until Ms. Hudson hired a credit specialist that helped her draft a letter that convinced Credit One to relieve Ms. Hudson of any responsibility on the fraudulent debt.

29. After Credit One ceased its illegal debt collection and credit reporting, Ms. Hudson was able to qualify for mortgage loan, however, the interest rates rose substantially between the time she was denied and approved and that caused her mortgage payments to be significantly higher.

## COUNT ONE: VIOLATION OF TILA

30. Plaintiff incorporates paragraphs 1 through 29.

31. Congress enacted 15 U.S.C. § 1643, entitled "Liability of holder of credit card," to safeguard the consumer from identity theft by limiting the liability of consumers for the unauthorized use of credit cards.

32. The statute accomplishes this goal by "plac[ing] the risk of fraud primarily on the card issuer," and requiring the issuer to "demonstrate that it has taken certain measures to protect the cardholder from fraud before it can hold a cardholder liable for any unauthorized charges."

33. Under § 1643, an issuer may hold a cardholder liable for the unauthorized use of a card "only if" certain conditions are met. 15 U.S.C. § 1643(a)(1).

34. Three of those conditions feature here.

35. First, for liability to be imposed by the issuer, it must have given the cardholder "adequate" notice both of his potential liability and of how to notify the issuer in the event of the loss or theft of the card before the unauthorized use. Id. § 1643(a)(1)(C)– (D).

36. Second, the issue must conduct a reasonable investigation of the cardholder's claim of unauthorized use, Official Interpretations, para. 12(b), § 3.

37. Finally, any liability imposed may not be "in excess of $50." Id. § 1643(a)(1)(B).

38. The requirement that an issuer meet these conditions before imposing liability is a strict one: "Except as provided in [§ 1643], a cardholder incurs no liability from the unauthorized use of a credit card." Id. § 1643(d).

39. TILA's private right of action provides that "any creditor who fails to comply with any requirement imposed under [15 U.S.C. §§ 1631–1651] . . . with respect to any person is liable to such person" for relief that includes "any actual damage sustained by such person as a result of the failure." 15 U.S.C. § 1640(a).

40. That includes "any requirement" of § 1643, and as "requirement" simply means "a requisite or essential condition," § 1640 thus provides a private right of action against an issuer that fails to comply with the conditions of § 1643 before holding the cardholder liable for the unauthorized use of a credit card.

41. Credit One violated 15 U.S.C. § 1643(a)(1)(B)–(D) by failing to give Ms. Hudson adequate notice of how to notify Credit One of identity theft, failing to conduct a reasonable investigation of Ms. Hudson's claim of unauthorized use and imposing liability on Ms. Hudson for an amount greater than $50.00.

42. As a result of the aforesaid TILA violation, the Defendant is liable for:

    a. Actual damages, including pecuniary costs, lost credit opportunity, higher interest rate and mortgage payments;

  b. Actual damages, including the emotional distress endured from the dealing with the illegal debt collection and credit reporting;

  c. Additional statutory damages in the amount of $400.00 to $4,000 for each TILA violation pursuant to 15 U.S.C. §1640(a)(2)(A)(iv); and

  d. Reasonable attorneys' fees and the costs of litigation pursuant to 15 U.S.C. §1640(a)(3).

## COUNT TWO: VIOLATION(S) OF FCRA

43. Plaintiff incorporates paragraphs 1 through 40.

44. Equifax, Experian and Trans Union each violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of Ms. Hudson's credit reports and credit file it published and maintained that Credit One tradeline, which the CRAs had notice that Credit One was an unreliable source of information.

45. Equifax, Experian and Trans Union each violated 15 U.S.C. § 1681i(a)(1), (4), (5) by failing to conduct a reasonable investigation in which the CRAs reviewed and considered all relevant information forwarded by the CRAs to determine whether the disputed information was inaccurate and record the current status of the disputed information and deleting or modifying the disputed information based on the status.

46. Credit One violated 15 U.S.C. § 1681s-2(b)(1)(A)-(E) by failing to fully and properly investigate Ms. Hudson's disputes, failing to review all relevant information, failing to correctly report results of an accurate investigation to each CRA and failing to delete or modify inaccurate, incomplete or unverifiable information.

47. As a result of Defendants' foregoing violations, Ms. Hudson suffered actual damages including but not limited to: loss of credit, damage to reputation, embarrassment, humiliation and other mental, physical and emotional distress.

48. On information and belief, the Defendants do not conduct reasonable investigations because the associated costs of conducting careful, thorough inquiries are undesirable to the Defendants' profit goals and therefore, the Defendants elect to conduct superficial investigations that focus on reporting information consistently whether accurate or not.

49. The violations by Defendants were willful, rendering Defendant liable for punitive damages pursuant to 15 U.S.C. § 1681n. In the alternative, Defendants were negligent, which entitles Ms. Hudson to recover under 15 U.S.C. §1681o.

50. Ms. Hudson is entitled to recover actual damages, statutory and punitive damages, costs and attorney's fees from the Defendants pursuant to 15 U.S.C. §§ 1681n and 1681o.

## COUNT THREE: DEFAMATION

51. Plaintiff incorporates paragraphs 1 through 50.

52. Credit One acted recklessly by reporting the subject account because Credit One should have known the account was fraudulent by which Mr. Wade applied for the account.

53. Credit One acted willfully by reporting the subject account after Ms. Hudson informed Credit One that she did not open the account or authorize the account to be opened.

54. Credit One acted willfully and/or maliciously by reporting the account after Ms. Hudson notified Credit One that Mr. Wade had been charged criminally by a Virginia court for stealing her identity to open the subject account.

55. Credit One knew by reporting the derogatory information to the CRAs that the information would be disseminated widely to other third parties, including financial institutions, employers, utility companies and insurance companies.

56. Credit One's reporting of the derogatory information were injurious to Plaintiff's financial profile and reputation.

57. Credit One intended to harm Ms. Hudson's financial profile and reputation, so that she would be hampered and/or obstructed from obtaining credit or employment and thus incentivize Ms. Hudson to pay a debt that she did not owe.

58. Defendants' false and defamatory reporting caused Plaintiff to suffer damages, including but not limited to: pecuniary costs, damage to her financial reputation, loss of credit opportunity and emotional and mental distress.

59. Plaintiff is entitled to actual and punitive damages for Defendant's defamation.

**WHEREFORE**, your Plaintiff demands judgment for actual, statutory and punitive damages against the Defendants; for her fees and costs; for prejudgment and post-judgment interest; and any other relief deemed appropriate by this Court.

TRIAL BY JURY IS DEMANDED.

Dated: March 9, 2023

                                                      Respectfully submitted,

                                                      **CARLY HUDSON**

                                                      _/s/ Andre Barlow_
                                                      Andre Barlow, Esq. (VSB #41267)
                                                      DOYLE, BARLOW & MAZARD PLLC
                                                      1776 K Street, N.W., Suite 200
                                                      Washington, D.C. 20006
                                                      Tel: (202) 589-1838
                                                      abarlow@dbmlawgroup.com

                                                      Counsel for Plaintiff